UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| BE WELL PROVIDERS, LLC, f/k/a EATING ANXIETY THERAPY CLINIC, LLC, d/b/a BEHAVIORAL WELLNESS CLINIC AND LOUISVILLE CENTER FOR EATING DISORDERS, | ) ) ) ) ) | CASE NO. 3:20-cv-241-GNS |
| Plaintiff, | ) ) ) | Removed from Jefferson Circuit Court Civ. Act. No. 20-CI-001585 |
| v. | ) ) | |
| ANTHEM HEALTH PLANS OF KENTUCKY, INC. d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD | ) ) ) ) | |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL

Defendant Anthem Health Plans of Kentucky, Inc. d/b/a Anthem Blue Cross and Blue Shield ("Anthem"), by counsel, files this Notice of Removal of this action to the United States District Court for the Western District of Kentucky at Louisville, from the Jefferson Circuit Court, Jefferson County, Kentucky, on this 2nd day of April, 2020, for the following reasons:

1.      On or about February 28, 2020, Plaintiff Be Well Providers, f/k/a Eating Anxiety Therapy Clinic, LLC, d/b/a Behavioral Wellness Clinic and Louisville Center for Eating Disorders ("Be Well") filed Civil Action No. 20-CI-001585 (the "Action") against Anthem in the Jefferson Circuit Court. Service of Summons and Complaint was made upon Anthem on or about March 6, 2020. This Notice of Removal is being filed within thirty (30) days of the first date on which Anthem received a copy of the Complaint through service or otherwise.

2.      The United States District Court for the Western District of Kentucky at Louisville

is the district court of the United States for the district and division embracing the place where the action is pending (Jefferson County, Kentucky). *See* 28 U.S.C. § 1441(a).

3.        Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Anthem, which papers include the summons and complaint, are attached hereto as **Exhibit A**.

4.        Removal is proper as a federal district court has removal jurisdiction over any cause of action in a state court complaint that arises under federal law, for which it would have had original jurisdiction. 28 U.S.C. § 1441; 28 U.S.C. § 1331.  This is a case where Be Well's claims and causes of action arise under federal law. *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52, 56 (1987); *Med. Mut. of Ohio v. k. Amalia Enters., Inc.*, 548 F.3d 383, 388-89 (6th Cir. 2008).

5.        Be Well is claiming damages from Anthem arising from allegations that Anthem failed to pay or reimburse Be Well for pre-authorized medical expenses incurred by beneficiaries under health insurance policies, who then assigned their right to payment to Be Well. Complaint at ¶¶ 33-65.  At least 5 of the 7 Anthem health insurance policies at issue are employee welfare benefit policies, created pursuant to ERISA, 29 U.S.C. § 1001, *et seq*.  Anthem cannot yet identify 3 of the patients listed in the Complaint. Complaint at ¶¶ 21-23.  Be Well is making a claim for benefits against these ERISA-based insurance policies, and, thus, federal law creates Be Well's causes of action, or Be Well's right to relief necessarily depends on resolution of a substantial question of federal law. *See* 29 U.S.C. § 1132.

6.        For the other non-ERISA health insurance policies, this Court should properly exercise its supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(a).  Be Well's claims under the ERISA policies are so related and intertwined with the non-ERISA policies that they

form the same case or controversy and the non-ERISA policies are also removable. *See Smith v. Provident Bank*, 170 F.3d 609, 614 (6th Cir. 1999) ("Because the other claims asserted in the 1995 action arise out of the same case or controversy and therefore fall within our supplemental jurisdiction, removal of the entire case was proper"); *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1277 (6th Cir. 1991) ("once the district court properly concluded that appellants' claim for benefits arose under federal law, it was within its discretion to remove appellants' state law claims as pendent, since the state law claims arose out of the same operative facts as the ERISA claim"); 28 U.S.C. § 1441(c) (providing for removal of entire case when one claim presents a federal question).

7.    ERISA preempts the state law claims and remedies alleged in the Complaint and provides exclusive remedies for the resolution of claims by employee benefit plan participants and beneficiaries (and assignees of such). 29 U.S.C. § 1132(a); *see also Pilot Life Ins. Co. v Dedeaux*, 481 U.S. 41, 47-48 (1987).

8.    A cause of action filed in state court which is preempted by ERISA and comes within the scope of 29 U.S.C. § 1132—such as this one—is removable to federal court under 28 U.S.C. § 1441 even when the ERISA-related nature of the action does not appear on the face of the Complaint. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-67 (1987).  This is a long-standing exception to the well-pleaded Complaint rule. *See id*.

9.    This action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that Be Well's claims arise under ERISA-governed benefit plans and Be Well's claims come within the scope of ERISA. *See* 29 U.S.C. § 1132(a).  Accordingly, this Court has been vested with jurisdiction to determine the merits of Be Well's Complaint, which is properly removable to this Court from the Jefferson Circuit Court. 28 U.S.C. §§ 1441 and 1446.

10.     This action is removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 and 1446, because this Court has original jurisdiction over this action, the Complaint raises a federal question, this Notice of Removal is filed within thirty (30) days of the service of pleading or other document upon Anthem indicating that this matter is, or has become, removable, and the state court in which this action was filed is within this Court's district and division.

11.     Be Well's claims arise under the laws of the United States so as to be within the original jurisdiction of this Court conferred by 28 U.S.C. § 1331 and 28 U.S.C. § 1332, and so as to authorize removal of this action pursuant to 28 U.S.C. § 1441.  For the non-ERISA policies, this Court's exercise of supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367(a) and removal is authorized. *See* 28 U.S.C. § 1441(c).

12.     Immediately upon filing this Notice of Removal, Anthem will give written notice hereof to all parties and will file a copy of this Notice of Removal with the Clerk of the Jefferson Circuit Court, Jefferson County, Kentucky.

13.     Given the circumstances set forth above, this action, which has been filed in the Jefferson Circuit Court, constitutes a civil action which could have originally been brought in this Court pursuant to 28 U.S.C. § 1331, and may be removed pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, Defendant Anthem Health Plans of Kentucky, Inc. d/b/a Anthem Blue Cross and Blue Shield hereby gives notice that this action is removed to this Court, pursuant to the laws of the United States.

Respectfully submitted,


 /s/ Cory J. Skolnick
Cory J. Skolnick (# 92258)
Miles R. Harrison (# 95567)
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
(502) 589-5400
(502) 589-1087 (facsimile)
cskolnick@fbtlaw.com
mharrison@fbtlaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2020, I caused to be electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record:


Trevor L. Earl
McBrayer PLLC
500 West Jefferson Street, Suite 2400
Louisville, KY  40202
tearl@mcbrayerfirm.com

Lisa English Hinkle
McBrayer PLLC
201 East main Street, Suite 900
Lexington, KY  40507
lhinkle@mcbrayerfirm.com

*Counsel for Plaintiff*


                                        /s/ Cory J. Skolnick
                                        *Counsel for Defendant*

0131135.0730625   4848-6468-0120v1