## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

BE WELL PROVIDERS, LLC

v.                                                    No. 3:20-cv-241-BJB

ANTHEM HEALTH PLANS OF KENTUCKY,
INC.

\* \* \* \* \*

### MEMORANDUM OPINION & ORDER

**A. Background.** The Court has discussed the background of this dispute at length elsewhere. *See Be Well Providers, LLC v. Anthem Health Plans of Kentucky, Inc.*, 580 F. Supp. 3d 477 (W.D. Ky. 2022). Be Well provided out-of-network health services to individuals insured by Anthem. *Id.* at 479. Anthem did not reimburse Be Well for those services. *Id.* So Be Well sued Anthem, asserting both primary and derivative (on behalf of the patients) claims based on several contract and tort theories. *Id.* Because ERISA covered the insurance plans of some patients, Anthem removed the case to federal court. *Id.*

The parties eventually filed cross-motions for summary judgment. The Court denied Be Well's motion, but granted in part Anthem's motion with respect to Be Well's claims related to the ERISA plan beneficiaries. *See id.* at 479, 491. Be Well's derivative claims failed because valid anti-assignment provisions in the ERISA plans prohibited Be Well from asserting those claims on behalf of the beneficiaries. *Id.* at 482. Be Well's promissory-estoppel claims with respect to the ERISA plan beneficiaries also failed; the Anthem preauthorization letter on which Be Well relied included, at most, a "conditional" promise insufficient to support liability based on detrimental reliance. *Id.* at 489.

Only two claims survived summary judgment: promissory-estoppel claims filed on behalf of two non-ERISA beneficiaries. *Id.* at 490–91. According to Be Well's complaint, by providing Be Well with a preauthorization letter, "Anthem represented to [Be Well] that its services to Anthem beneficiaries would be reimbursed," and that Be Well "relied" on those representations when it provided services to the patients. Complaint (DN 1-1) ¶¶ 63–64. These remaining claims are identical to the promissory-estoppel claims the Court granted summary judgment on—except that they relate to plans that ERISA doesn't cover.

The Court's prior opinion explained why summary judgment was then inappropriate on those two non-ERISA-related promissory-estoppel claims:

> The parties have litigated this case almost entirely on the premise that ERISA governed the plans at issue. Now Anthem has represented that it doesn't govern two of them. Anthem MSJ at 3 (conceding that M.T. and R.M. are not ERISA-plan beneficiaries). And Be Well says it has no way of disputing that. Indeed, Be Well's motion for summary judgment doesn't address the non-ERISA plans at all. Anthem's did, to be sure: it contended that the promissory-estoppel claims for non-ERISA plans failed for many of the same reasons they failed for the ERISA plan beneficiaries. *Id.* at 15–16. But Be Well didn't respond in full, arguing only that ERISA preemption doesn't necessarily apply to these claims. Be Well Response to MSJ at 8–9. True enough—it doesn't apply at all to non-ERISA plans.

> This gap in the parties' presentation is understandable, yet critical. Discovery, according to the parties, has thus far been limited to the administrative record under ERISA. And the analysis of Be Well's promissory-estoppel claims might look different outside ERISA's shadow. Despite three fully briefed motions, the complex issues of jurisdiction, preemption, and interpretation implicated by this dispute were not presented to the Court in a non-ERISA context. And as noted above, only limited caselaw exists to guide this Court in predicting how Kentucky courts would analyze a promissory-estoppel claim in this context; none of the promissory-estoppel caselaw cited by Be Well comes from the healthcare context. Therefore the Court is loath to issue a ruling that could have significant disruptive effects in the healthcare and insurance sectors[1] based on this fleeting presentation.

*Be Well Providers*, 580 F. Supp. 3d at 490–91.

**B. This motion.** Anthem moved again for summary judgment on Be Well's two remaining claims. Motion (DN 54-1). It then filed a "reply" in support of its own motion after Be Well failed to respond to the motion by the filing deadline. DN 55. After the Court ordered Be Well to file its response, assuming it had one, Be Well finally did so, *see* DN 57—only to largely copy and paste its arguments in response to

---

[1] *Compare MedWell, LLC v. Cigna Corp.*, No. 20-cv-10627, 2021 WL 2010582, at *5 (D.N.J. May 19, 2021) ("courts have held that a preauthorization can represent a clear and definite promise" sufficient to support a plausible promissory-estoppel claim), *with Armijo v. ILWU-PMA Coastwise Indem. Plan*, No. 15-cv-1403, 2018 WL 6265062, at *9–10 (C.D. Cal. Nov. 14, 2018) ("[I]t is well understood in the healthcare industry … that issuance of a preauthorization letter is not a guarantee of payment.").

Anthem's *first* summary-judgment motion (dealing with ERISA plans), *see* DN 30, into this response (dealing with non-ERISA plans).

These claims, like the ones the Court already rejected, are premised on the notion that Anthem's preauthorization letters induced Be Well to provide services to the beneficiaries. *See* Complaint ¶¶ 63–64; Response (DN 57) at 4. But as the Court explained in its prior opinion, the preauthorization letters here contained, at most, a "conditional" promise, which is "not sufficient" to recover on a promissory-estoppel claim under Kentucky law. *Be Well Providers*, 580 F. Supp. 3d at 488–49 (citing *Fed. Home Loan Mortg. Corp. v. Gilbert*, 656 F. App'x 45, 48 (6th Cir. 2016)). The "bulk of authority" outside Kentucky, moreover, "indicates a preauthorization letter alone doesn't support a claim for promissory estoppel." *Id.* at 488 (citing, *e.g.*, *Haghighi v. Horizon Blue Cross Blue Shield of N.J.*, No. 19-cv-20483, 2020 WL 5105234, at *6 (D.N.J. Aug. 31, 2020)). This is true, Anthem maintains, "whether the preauthorization letter relates to a beneficiary who has a plan covered by ERISA or not." Motion at 8.

Given that Be Well's response to Anthem's previous summary-judgment motion didn't "address the non-ERISA plans at all," *Be Well Providers*, 580 F. Supp. 3d at 490, its decision to submit a heavily copy/pasted response here is an odd one. Be Well doesn't explain how Anthem's alleged representations made in connection with the two non-ERISA plans differ from the "conditional" promises that the Court's prior order concluded were insufficient. Indeed, Be Well offers no new arguments or record support at all. It doesn't acknowledge the reasons the Court denied summary judgment on these claims in the prior order. Nor does it address the distinction (if any) between ERISA and non-ERISA plans in the context of promissory estoppel. And it doesn't include any record citations to support its detrimental-reliance argument; it merely "incorporates its background and factual statements form its prior briefing." Response at 2. This falls short of the standard for resisting summary judgment. "It is well settled that the non-moving party must cite specific portions of the record in opposition to a motion for summary judgment, and that the court is not required to search the record for some piece of evidence which might stave off summary judgment." *Vasser v. SaarGummi Tennessee*, No. 20-5223, 2021 WL 7084365, at *2 (6th Cir. Sept. 15, 2021) (quoting *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1191 (6th Cir. 1997).

The arguments Be Well *does* discuss, moreover, are nonresponsive. Instead of discussing its direct promissory-estoppel claims, the brief focuses instead on the derivative claims. Response at 2–6. But these claims are no longer at issue; they pertained to the ERISA-covered plans and were resolved in Anthem's favor by the Court's previous summary-judgment order. Much of this brief, moreover, concerns an equitable-estoppel argument (which the Court already rejected) regarding the plans' anti-assignment provisions. *See id.* at 3–4. The remaining promissory-

estoppel claims, however, don't implicate the anti-assignment provisions because those claims aren't derivative.[2]  And Be Well's brief cites no other legal precedent or record material that might reveal a genuine issue of material fact regarding its promissory-estoppel theory of recovery.    This lack of support amounts to abandonment of these claims: "a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment." *Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013); *cf. United States v. Rich*, No. 18-2268, 2021 WL 4144059, at *40 (6th Cir. 2020) (equating incorporation by reference to abandonment when appellate briefs fail to identify and support purported errors in challenged rulings).

In any event, Anthem's own record citations and legal arguments—left effectively unrebutted by Be Well—would suffice to support summary judgment even if Be Well hadn't effectively abandoned its claims.  Anthem carried its burden under Rule 56 here, showing that summary judgment is warranted based on the lack of promises sufficiently definite to support estoppel. *See* Motion at 6–8 (discussing absence of Be Well support besides "conditional" preauthorization letters). Regardless of Be Well's "failure to respond" to the arguments raised by Anthem, the motion for summary judgment shows Anthem "has discharged [its] burden of demonstrating the absence of a genuine issue of a material fact." *Thurmond v. County of Wayne*, 447 F. App'x 643, 652 (6th Cir. 2011).  So the Court grants Anthem's motion for summary judgment.

---

[2] Even if Be Well's complaint had alleged derivative non-ERISA promissory-estoppel claims in tandem with its direct non-ERISA claims, those would presumably fail for the same reasons Be Well's other derivative claims failed: the plans contained valid anti-assignment provisions, which equitable estoppel could not overcome, and which therefore barred third parties from asserting the beneficiary's rights. *See Be Well Providers*, 580 F. Supp. 3d at 481–86.